New York Constitution Article 2, § 7, Article 9, § 2(c)(i), Article 9, § 2(c)(ii)(1); Municipal Home Rule Law §§ 10(1)(i), 10(1)(ii)(a)(1), 23(2)(e); Election Law §§ 1-102, 9-112, 9-112(1), 15-100, 15-104, 15-104(1)(d), 15-126(2)(a)

A village can adopt a local law implementing a cumulative voting system and such local law would be subject to mandatory referendum.

January 24, 2018

Anthony M. Cerreto                                       Informal Opinion
Village Attorney                                         No. 2018-1
Village of Port Chester
222 Grace Church Street
Port Chester, New York 10573

Dear Mr. Cerreto:

You have requested an opinion regarding whether the Village is authorized to adopt a local law that would establish a system of cumulative voting to elect village trustees, and, if so, whether that local law would be subject to referendum. Under a cumulative voting system, each voter is entitled to cast as many votes as there are open seats—in the Village's proposal, six votes because the Village is governed by a board of six trustees elected at large (and a mayor)—but is not limited to casting a single vote for a candidate. A voter could cast a single vote for each of six candidates, or cast all six votes for one candidate, or allocate the six votes among candidates in some other way. You have explained that the Village was using cumulative voting by court order, which has since terminated, and would like to continue using cumulative voting or another "fair representation" voting system instead of returning to the single-vote-per-candidate system for its at-large trustee elections that the Village's Charter provides for. As explained below, we are of the opinion that the Village can adopt a local law implementing a cumulative voting system and that such local law would be subject to mandatory referendum.

The Village is authorized to adopt a local law relating to its government and to the mode of selection of its officers, as long as that local law is consistent with the state Constitution and general state statutes. N.Y. Const. Art. 9, § 2(c)(i),(ii)(1); Municipal Home Rule Law § 10(1)(i),(ii)(a)(1). And the Court of Appeals has determined that the term "mode of selection" is not limited to whether an officer is elected or appointed but also means that "a municipality may define the precise method by which either an election or appointment shall be effected." *Bareham v. City of Rochester*, 246 N.Y. 140, 146 (1927). We therefore believe that the Village's proposed local law falls in the first instance within its home rule authority.

The next question is whether the proposed local law is inconsistent with either the state Constitution or a general state law. We are not aware of any provision of the Constitution that governs the method of electing local officers, other than the general requirement that they be elected by ballot or by other method prescribed by law. N.Y. Const., Art. 2, § 7. The proposed local law is consistent with this provision.

Nor are we aware of a provision of state law with which the proposed local law would be inconsistent. The Election Law—which governs elections for village trustee as well as for many other elective offices, *see* Election Law § 15-100 (application of statutes to village elections); *id*. § 1-102 (same)—neither expressly mandates a ballot with respect to which a voter can cast only a single vote per candidate nor specifically precludes a ballot with respect to which a voter may cast more than one vote per candidate.

It has been suggested that certain provisions of the Election Law indirectly prohibit a cumulative voting system. Specifically, section 9-212, relating to the canvass of elections by county boards of election, and section 15-104, relating to village elections, provide that the winning candidate is the one who receives the most votes. Election Law §§ 9-212(1) ("each person elected by the greatest number of votes to each . . . village office"), 15-104(1)(d) ("a candidate must receive more votes than any other candidate for the office"). Because an election for an office can have only one winning candidate, if the Village's at-large election is viewed as filling a single office of village trustee, then it might be argued that an election at which cumulative voting is used would have six, rather than one, winning candidates for the office. But the Village's election is better viewed as an election to fill six identical offices of village trustee, with a single winner for each office. The Election Law supports this view by providing, with respect to village elections, that "[t]he person *or persons*" who receive the highest number of votes are elected.[1] Election Law § 15-126(2)(a) (emphasis added).

In fact, were the Village to again implement a single-vote-per-candidate system for electing its trustees at large, village voters could cast votes for six trustees, just as they could if the Village adopted cumulative voting; the difference between the two systems would not be in the number of "winners" but in the number of votes a voter could cast for a single candidate. And the Election Law does not address the number of votes a voter can cast for one candidate.

We thus conclude that the proposed local law would be consistent with the Election Law. And we find no evidence that the Legislature has expressed an intent to preempt local

---

[1] At-large elections may also be held in cities, towns, and school districts as well as in villages. *See* Gerald Benjamin, *At-Large Elections in N.Y.S. Cities, Towns, Villages, and School Districts and the Challenge of Growing Population Diversity*, 5 Albany Gov't L. Rev. 733, 734 (2012). Any election to fill an at-large office with multiple vacancies will run afoul of sections 9-212(1) and 15-104(1)(d), even using one-vote-per-candidate voting, if such an election is viewed as one for a single office instead of an election for multiple identical offices.

legislation relating to the number of votes a voter can cast for a single candidate: the Legislature simply has not spoken with respect to that area.

Finally, to briefly address a misunderstanding that might be raised with respect to the proposed cumulative voting, it does not violate the "one person, one vote" principle.[2] That principle does not limit a voter to only one vote but instead ensures that the vote of any one voter has the same weight as that of any other voter. *See Seaman v. Fedourich*, 16 N.Y.2d 94, 101-02 (1965). The Village's proposed local law does not undermine that principle.

If adopted, as a local law that changes the method of electing an elective officer, the proposed local law would be subject to mandatory referendum. Municipal Home Rule Law § 23(2)(e).

The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.

Very truly yours,


KATHRYN SHEINGOLD
Assistant Solicitor General
 in Charge of Opinions

---

[2] *See* Alec Slatky, *Debunking the Myths about Port Chester* (June 25, 2010), FairVote, *at* http://www.fairvote.org/debunking-the-myths-about-port-chester.